IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00677-CMA-MJW

STEVEN HARDY and
JODY WHITSON-HARDY,

Plaintiffs,

v.

MERVIN J. FLOOD and
SUSAN S. FLOOD,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendants' Motion for a More Definite Statement (Docket No. 7) is DENIED.

      Plaintiffs brought this action in Douglas County District Court. The Complaint (Docket No. 3) alleges that Defendants, whom Plaintiffs purchased real property from, made false representations concerning the condition of the property prior to the sale. Defendants removed the case to the United States District Court for the District of Colorado on the basis of diversity jurisdiction (Docket No. 1), and then filed the motion at issue (Docket No. 7), in which they argue that the claims set forth in the Complaint are not stated with sufficient definiteness or particularity to enable them to prepare a responsive pleading.

      The Federal Rules of Civil Procedure requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that allegations be "simple, concise, and direct. No technical form is required." "The facts supporting the party's claim need not be set out in detail. All that is required is that the defendant is given fair 'notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Piper Acceptance Corp. v. Slaughter*, 600 F. Supp. 169, 173 (D. Colo. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When alleging fraud, however, as Plaintiffs do here, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Reading the two rules together, a complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

Under Rule 12(e),"[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Generally, motions for more definite statements are looked on with disfavor. As stated in 5A Wright & Miller, Federal Practice & Procedure § 1376, at pp. 585-588:

> Since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process, courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue. Therefore, many cases have denied Rule 12(e) motions on the ground that the information requested was properly the subject of discovery, and some courts have treated Rule 12(e) motions as discovery applications.

"[A]s long as the pleading fairly apprises the opposing party of the nature of the claim, the motion for more definite statement should not be granted." *Montagriff v. Adams Cty. Sch. Dist. 14*, 128 F.R.D. 117, 118 (D. Colo. 1989).

Here, Plaintiffs' Complaint (Docket No. 3) gives Defendants adequate information to frame a responsive pleading. It identifies the time when the allegedly fraudulent statements were made (prior to the sale of the real property at issue); the general contents of the false representations concerning the real property (that the property was in compliance with government imposed building and permit requirements and that Defendants had no knowledge of water leaks or water penetration); the identity of the parties making the false statements (Defendants); and the consequences to Plaintiffs (property damage, diminished value of property, costs of repairs, costs of improvements, tax liabilities, costs of relocation, wrongful eviction and invasion of rights to private occupancy). The only particularity requirement arguably not met by the pleading is the place where the false representations were made. However, Plaintiff states that the representations in question were "written and oral" and made prior to closing. This provides Defendants with sufficient notice of the nature of Plaintiffs' claims for relief.

It is further ORDERED that Defendants shall answer or otherwise respond to Plaintiff's Complaint (Docket No. 3) on or before **May 17, 2017.**

Date: May 5, 2017