IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  17-cv-00677-CMA-MJW

STEVEN HARDY and
JODY WHITSON-HARDY,

Plaintiffs,

v.

MERVIN J. FLOOD and
SUSAN S. FLOOD,

Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DOCKET NO. 35)

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order (Docket No. 39) referring the

subject motion (Docket No. 35) issued by Judge Christine M. Arguello. Now before the

Court is Defendants Mervin J. Flood and Susan S. Flood's (collectively "Defendants")

Motion to Dismiss Plaintiffs' Amended Complaint. (Docket No. 35.) The Court has

carefully considered the motion, Plaintiffs Steven Hardy and Jody Whitson-Hardy's

(collectively "Plaintiffs") response (Docket No. 37), and Defendants' reply. (Docket No.

42.) The Court has taken judicial notice of the Court's file and has considered the

applicable Federal Rules of Civil Procedure and case law. The Court now being fully

informed makes the following findings of fact, conclusions of law, and recommendation.

## I. BACKGROUND

The following allegations are taken from the Amended Complaint (Docket No.

32), and described in the light most favorable to Plaintiffs. Plaintiffs purchased certain

real property from Defendants pursuant to a written Contract to Buy and Sell Real Estate (the "Contract"). Plaintiffs allege that prior to closing, Defendants made material and false written and oral representations as to the condition of the property. These representations related to, among other things, whether the property had moisture or water problems and whether improvements to the property were properly permitted and complied with governmental building code requirements. Plaintiffs assert claims for breach of contract, fraud, and negligent misrepresentation. Plaintiffs request an award of punitive and exemplary damages, in addition to the actual damages incurred as a result of Defendants' conduct.

## II. LEGAL STANDARD

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While Plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also*

*Ashcroft*, 556 U.S. at 678 (explaining that a complaint will not suffice if it offers "naked assertions devoid of further factual enhancement" (quotations and alterations omitted)). Furthermore, conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 679.

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, a court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* If, in view of the facts alleged, it can be reasonably conceived that the plaintiff could establish a case that would entitle him to relief, the motion to dismiss should not be granted. *Id.* at 563 n.8.

Granting a motion to dismiss is a "harsh remedy" that should be "cautiously studied" to "effectuate the liberal rules of pleading" and "protect the interests of justice." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotations omitted).

### III. ANALYSIS

Defendants move to dismiss Plaintiffs' Amended Complaint on five grounds. First, they argue that Plaintiffs' claims are barred by the statute of limitations. Second, they assert that Plaintiffs' fraud and negligent misrepresentation claims fail because there is no proof of reasonable or justifiable reliance. Third, Defendants state that Plaintiffs' Amended Complaint is wholly conclusory in nature. Fourth, Defendants argue their alleged failure to disclose whether improvements to the property were done pursuant to a permit is not material, and therefore not actionable. Finally, Defendants

argue that the breach of contract claim fails as a matter of law because Plaintiffs cannot show that Defendants failed to perform under the contract. The Court will address each in turn.

### a. Statute of Limitations

The parties do not appear to dispute that Colorado law applies to Plaintiffs' claims. The Colorado statute of limitations for breach of contract and fraud, misrepresentation, concealment, or deceit actions is three years from the date of accrual. Colo. Rev. Stat. § 13–80–101(1)(a) and (c).[1] A breach of contract claim in Colorado "accrue[s] on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." *Id.* § 13–80–108(6). Similarly, a fraud, misrepresentation, concealment, or deceit cause of action is "considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." *Id.* § 13–80–108(3).

Defendants argue that Plaintiffs' claims are barred by the statute of limitations because the Contract was entered into on April 27, 2013, but Plaintiffs did not file suit until December 28, 2016, more than three years later. Plaintiffs respond that the underlying Contract is beyond the scope of the pleadings and therefore the Court cannot consider it. They also claim that the Contract is irrelevant to calculating when the statute

---

[1] Judges in this district have found that Colorado law subjects negligent misrepresentation claims to a three-year limitations period, rather than the two-year period for tort actions. *See Miller v. McCloud*, No. 14-CV-1156-WJM-KLM, 2016 WL 524357, at *5 (D. Colo. Feb. 10, 2016), *judgment entered*, No. 14-CV-1156-WJM-KLM, 2016 WL 525920 (D. Colo. Feb. 10, 2016). This Court agrees.

of limitations began to run. The Court finds the former argument baseless but, for the purposes of this motion, agrees with the latter.

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir.2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss.). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir.2006).

Plaintiffs' argument that the Court cannot consider the parties' Contract in deciding Defendants' motion to dismiss because the Contract is outside the scope of the Amended Complaint is unpersuasive and borders on being groundless and frivolous. Plaintiffs explicitly reference the Contract in their Amended Complaint. They also assert that Defendants materially breached the Contract. Thus, it is plainly central to their

claims. Moreover, the Court disregards Plaintiffs' challenge to the Contract's authenticity, at least insofar as it shows when the Contract was executed. Defendants filed a Motion for a More Definite Statement on March 21, 2017, in which they argued in part that Plaintiffs' pleading identified no date for the Contract. (Docket No. 7.) Plaintiffs responded by stating that only one real estate transaction took place and that Defendants were well aware of the date of the Contract. (Docket No. 14.) The Court denied Defendants' motion, reasoning that they were put on notice of when the false statements were allegedly made; namely, before the sale of the real property. Plaintiffs cannot now use the fact that "there are no dates given in the Complaint" to prevent the Court from considering Defendants' statute of limitations argument. Furthermore, Plaintiffs do not appear to dispute that the Contract was in fact entered into on April 27, 2013. Thus, the Court will consider this as evidence of the date of the Contract.

However, the date of a contract is not synonymous with the date of accrual of a claim. As stated above, breach of contract and fraud claims accrue when the breach and/or fraud were, or reasonably should have been, discovered. The parties disagree on when that took place. Defendants argue that Plaintiffs' claims accrued when a property inspection was performed prior to the sale, as well as when Plaintiff failed to exercise reasonable diligence in searching the Douglas County public records. Thus, Defendants contend that Plaintiffs' claims accrued, at the latest, on the date the parties signed the Contract. Plaintiffs, on the other hand, argue that the defections in the real property were latent and not discoverable through inspection alone, and that they were not in fact discovered until after the Contract was signed. The Court will discuss the materiality of

the alleged misrepresentations and the reasonableness of Plaintiffs' reliance on them

below, but it clear that this factual dispute precludes the Court from deciding the statute

of limitations issue at the Rule 12(b)(6) stage.

### b. Reasonable/Justifiable Reliance

Defendants argue that Plaintiffs had equal access to the information giving rise to

their fraud and negligent misrepresentation claims and therefore they cannot show any

reasonable reliance on Defendants' oral and written statements. The Court disagrees.

The elements of fraud under Colorado law are:

> (1) a false representation of a material existing fact; (2)
> knowledge on the part of the one making the representation
> that it was false; (3) ignorance on the part of the one to
> whom the representation was made of its falsity; (4) the
> representation was made with an intention that it be acted
> on; and (5) the representation resulted in damage.

*Bangert Bros. Const. Co., Inc. v. Kiewit Western Co.*, 310 F.3d 1278, 1286 n. 4 (10th

Cir. 2002) (quoting *Southeastern Colo. Water Conservancy Dist. v. Cache Creek Mining

Trust*, 854 P.2d 167, 172 (Colo. 1993)). The tort of negligent misrepresentation is

defined as follows:

> One who, in the course of his business, profession or
> employment, or in any other transaction in which he has a
> pecuniary interest, supplies false information for the
> guidance of others in their business transactions, is subject
> to liability for pecuniary loss caused to them by their
> justifiable reliance upon the information, if he fails to
> exercise reasonable care or competence in obtaining or
> communicating the information.

*Colorado Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 870 (10th Cir. 2005) (quoting

Restatement (Second) of Torts § 552 (1977)). As Judge Arguello has recognized,

7

"reasonable and justifiable reliance is required for Plaintiffs' state law claims for fraudulent and negligent misrepresentation." *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1238 (D. Colo. 2010). "'A party cannot say they were deceived by the other's misrepresentations where the means of knowledge are equally available to both parties and the subject matter is equally open to their inspection.'" *Id. (*quoting *Sheffield Services Co. v. Trowbridge*, 211 P.3d 714, 726 (Colo. App. 2009)).

Here, Plaintiffs allege that Defendants falsely represented that the property did not have problems with leaking water and that improvements were constructed and completed in compliance with the building code and permitting process. (Docket No. 32 at ¶¶ 13, 18, & 25.) Defendants counter that Plaintiffs' inspection should have uncovered any problems with the condition of the property.[2] They also argue the Plaintiffs were free to review of the county records, which would have indicated whether or not permits had been pulled for any improvements.

As to Defendants' first argument, the Amended Complaint does not describe the "water leaks or water penetration" in any detail, nor does it describe the extent of the resulting damages. Moreover, even if Plaintiffs had an opportunity to inspect the property prior to the sale, and did in fact do so, the Court has no information before it as to the character of inspection or the manner in which it was performed. Without knowing either the size or scale of the leaks or the nature of the pre-sale inspection, the Court cannot say whether the resulting water damage was caused by latent or obvious

_____

[2] Defendants attach to their motion an "Inspection Resolution" dated May 6, 2013. (Docket No. 35-2.) The Court declines to consider this document as it is outside the pleadings and irrelevant.

defects. In short, the Court is not currently in the position to determine as a matter of law whether any defects were reasonably discoverable.

Similarly, although Plaintiffs argue that "unbeknownst to [them], Defendants did work on the house without pulling a permit," the Amended Complaint is silent as to the type of improvements constructed or whether Plaintiffs even had knowledge of them. These are important questions of fact. For example, the Court can imagine a scenario where the work performed was electrical or plumbing-related. In that case, Plaintiffs could conceivably be completely unaware that work had been done and would have no reason to look up county records to see if the proper permits had been pulled. These types of factual issues should not be resolved at this stage in the litigation, and Plaintiffs' claims should not be dismissed on these grounds.

### c. Conclusory Allegations

Given the Amended Complaint's factual deficiencies, as described above, the Court is sympathetic to Defendants' argument that Plaintiffs' allegations fail to meet the *Iqbal/Twombley* pleading standards. However, Plaintiffs do allege that Defendants made material representations that they knew to be false regarding water damage and the construction of improvements, and that Plaintiffs relied on those misrepresentations to their detriment. These allegations raise a reasonable expectation that discovery will reveal evidence to support the elements of the claims asserted. Thus, the Court recommends that Plaintiff's Amended Complaint not be dismissed as conclusory.

### d. Material Misrepresentation

Defendants next argue that the mere fact that work was performed on the

property without a permit fails to establish the materiality requirement of fraud and negligent misrepresentation claims. Defendants state that under Colorado law, sellers' disclosure obligations are extremely limited, and that whether permits were pulled for work on a property is not a required disclosure. Therefore, Defendants contend that whether the improvements were performed under permit is "not a material fact as defined by Colorado law."

Defendants cite no authority for their position that materiality is coextensive with and limited to Colorado's mandatory disclosure requirements. The Colorado Jury Instructions define "material fact" with no reference to any state statute; indeed, "[a] fact may also be material even though a reasonable person might not regard it as important, if (the person stating it knows that) (the person concealing it knows that) the person receiving the information would regard it as important in deciding what to do." Colo. Jury Instr., Civil 19:4. Thus, Defendants' representations regarding the work performed, and whether the proper permits were issued for it, may or may not be material, but that is an issue that should be determined by the trier of fact or on a motion for summary judgment.

### e. Breach of Contract

Finally, Defendants essentially argue that Plaintiffs cannot prove that Defendants breached the Contract because Defendants did not breach of the Contract. This is mere *ipse dixit* ("he himself said it"), a bare assertion resting only on the authority of the individual making the statement. (In other words, "because I said so.") In addition to being circular and self-serving, Defendants' argument ignores the fact that Plaintiffs

allege that Defendants' intentional misrepresentations constituted a breach of the implied duty of good faith and fair dealing. (Docket No. 32 ¶ 13.) Therefore, the Court recommends that Plaintiffs' breach of contract claim survive.

## IV. RECOMMENDATION

WHEREFORE, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 35) (Docket No. 13) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date:  February 2, 2018
      Denver, Colorado

s/ Michael J. Watanabe_____
Michael J. Watanabe
United States Magistrate Judge