IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00677-CMA-MJW

STEVEN HARDY, and
JODY WHITSON-HARDY,

    Plaintiffs,

v.

MERVIN J. FLOOD, and
SUSAN S. FLOOD,

    Defendants.
_____

**ORDER REJECTING THE FEBRUARY 2, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MICHAEL J. WATANABE**
_____

This matter is before the Court upon the February 2, 2018, Recommendation by Magistrate Judge Michael J. Watanabe that the Court deny Defendants Mervin Flood and Susan Flood's Motion to Dismiss. (Doc. # 62.) Defendants timely objected to the Recommendation. (Doc. # 63.) For the reasons described herein, the Court rejects the Recommendation and grants Defendants' Motion to Dismiss (Doc. # 35.)

## I.     BACKGROUND

Plaintiffs Steven Hardy and Jody Whitson-Hardy purchased certain residential property in Franktown, Colorado (the "Property"), from Defendants pursuant to a written Contract to Buy and Sell Real Estate (the "Contract"). (Doc. # 32 at 2.) The parties executed the Contract on April 27, 2013. (Doc. # 62 at 6); *see* (Doc. # 35-1.)

Approximately three and a half years later, on December 28, 2016, Plaintiffs instituted this action in Douglas County District Court. *See* (Doc. # 3.) Defendants subsequently removed the action to this Court pursuant to 28 U.S.C. § 1332 on March 16, 2017. (Doc. # 1.) Plaintiffs allege that "[p]rior to closing on the Property, Defendants made written and oral representations to [Plaintiffs] concerning the condition of the Property, including, but not limited to, whether the Property had moisture or water problems and whether improvements to the Property had been in compliance with governmental building code requirements." (Doc. # 3 at 5.) Plaintiffs assert three claims: (1) breach of contract; (2) fraud; and (3) negligent misrepresentation. (*Id.* at 5–7.)

Shortly after removing the action to this Court, Defendants filed a Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e), asserting that Plaintiffs' Complaint was neither definite nor particular enough to satisfy Rules 9(b) and 9(f). (Doc. # 7.) Magistrate Judge Watanabe denied Defendants' Motion for More Definite Statement on May 5, 2017. (Doc. # 23.) In his view, "Plaintiffs' Complaint gives Defendants adequate information to frame a responsive pleading." (*Id.* at 2.) Plaintiffs filed an Amended Complaint (Doc. # 32) on June 9, 2017 "only to confirm that they are seeking an award of punitive/exemplary damages." (Doc. # 37 at 1 n.1.) The Amended Complaint maintains Plaintiffs' theory of the case and claims for breach of contract, fraud, and negligent misrepresentation, and does not include additional factual allegations. (Doc. # 32.)

Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) on June 12, 2017. (Doc. # 35.) Defendants argue Plaintiffs' Amended Complaint should be dismissed for five reasons: (1) Plaintiffs' action is barred by statutes of limitations; (2) Plaintiffs cannot show justifiable reliance; (3) Plaintiffs lack a factual basis to assert that Defendants knew of alleged water damage prior to sale; (4) whether Defendants obtained a permit for improving the Property's basement is not a material fact; and (5) Plaintiffs assert conclusions of law and therefore do not establish a breach of contract claim. (*Id.* at 2–3.) Plaintiffs responded in opposition on June 13, 2017 (Doc. # 37,) and Defendants replied in support of dismissal on June 27, 2017 (Doc. # 42.)

On February 2, 2018, Magistrate Judge Watanabe issued his Recommendation in favor of Plaintiffs. (Doc. # 62.) As the Court details below, Magistrate Judge Watanabe rejected each of Defendants' five arguments and recommended that this Court deny Defendants' Motion to Dismiss. (*Id.*) Defendants timely objected to the Recommendation on February 15, 2018. (Doc. # 63.) Defendants object to Magistrate Judge Watanabe's analysis of their third argument for dismissal—that "Plaintiffs' Amended Complaint is whole conclusory in nature and failures to meet" pleading standards." (*Id.* at 1.)

## II. APPLICABLE LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is

properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**B.    DISMISSAL PURSUANT TO RULE 12(B)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The scope of the allegations may not be "so general that they encompass a wide swath of conduct, much of it innocent" or else the plaintiff has 'not nudged [his] claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

4

### III. <u>ANALYSIS</u>

Though Magistrate Judge Watanabe rejected all five of Defendants' arguments for dismissal, *see* (Doc. # 62 at 3–4, 11), Defendants only contest his treatment of their third argument (Doc. # 63 at 1). The Court begins there. Defendants argued that "Plaintiffs' Amended Complaint contains mere conclusions, not entitled to the assumption of truth," and that the Complaint therefore fails to satisfy the pleading requirements articulated in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570. (Doc. # 35 at 11.) In their Motion to Dismiss, Defendants focused this argument on Plaintiffs' allegations of misrepresentation of pre-existing water damage, quoting unsupported conclusions in Plaintiffs' Amended Complaint, *see* (Doc. # 32 at 2). (Doc. # 35 at 11.) "Plaintiffs," according to Defendants, "have no allegations to support the naked conclusion that Defendants knew of any water damage prior to the sale." (*Id.*)

**A. PLEADING STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

However, a heightened pleading standard applies where a party alleges fraud or mistake. Rule 9(b) demands that "[i]n alleging fraud or mistake, a party must state **with particularity** the circumstances constituting fraud or mistake." (Emphasis added.) In the "paradigmatic" case of *Trussell v. United Underwriters, Limited*, the Court explained that Rule 9(b) "requires identification of the circumstances constituting fraud or mistake." 228 F. Supp. 767, 774–75 (D. Colo. 1964); *see Noland v. Gurley*, 566 F. Supp. 210,

215–16 (D. Colo. 1983). "More specifically," the Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)), *cert. denied*, 531 U.S. 926 (2000). Rule 9(b) does **not**, however, "require the pleading of detailed evidentiary matter, nor does it require any particularity connection with an averment of intent, knowledge, or condition of mind." *Trussell*, 228 F. Supp. at 774.

The Tenth Circuit fleshed out the allegations necessary for a sufficient pleading under Rule 9(b) in *Sheldon v. Vermonty*, 246 F.3d 682, 2000 WL 1774038, *4 (10th Cir. 2000) (unpublished table decision). The Tenth Circuit held that the plaintiff had alleged with specific particularity a securities violation, explaining that the complaint

> adequately met Rule 9(b) requirements. First, . . . the Complaint **alleged misrepresentations with background information as to date, speaker, and the medium of communication**. Second, **certain of the alleged misrepresentations involved** profitable expectations arising from an unowned and inoperable meat-packing plant, a nonexistent lumber company, and fabricated contracts. Accepting [the plaintiff]'s allegations as true, these are patently false statements of present fact. The district court erred in determining they were "mere conclusory allegations of falsity" and in characterizing them as "fraud by hindsight." Third, the allegations of scienter were sufficient.

*Id*. at *5 (emphases added) (citations omitted). At the "procedural juncture" of a motion to dismiss, the Tenth Circuit concluded that "the allegations of fraud need no further explanation." *Id*. See *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 494 (D.N.M. 2012).

Any claim—including claims for breach of contract and negligent misrepresentation—may be subject to Rule 9(b)'s heightened pleading standard if the claim is "grounded in fraud." *City of Raton v. Arkansas River Power Auth.*, 600 F. Supp. 2d 1130, 1141 (D.N.M. 2008) (citing 2 James Wm. Moor, et al., Moore's Federal Practice § 9.03(1)(d), at 9–21 (3d ed. 2008)); *see Denver Health and Hosp. Auth. V. Beverage Distrib. Co., LLC, 842 F. Supp. 2d 1171, 1177–78* (holding that Rule 9(b) did not apply to a negligent misrepresentation claim where the "crux of the claim . . . rings not of fraud but negligence"). For example, the Court concluded "that the particularity requirement is applicable to the negligent misrepresentation claim" where the "plaintiff allege[d] that the defendants concealed and failed to disclose certain facts relevant to the plaintiff's claims for loss of rental income and loss of property." *Gunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538, 2008 WL 4377451, *2 (D. Colo. Sept. 19, 2008).

Why Rule 9(b) is limited in reach to claims grounded in fraud is illuminated by the primary motives that animate the rule. *S2 Automation LLC*, 281 F.R.D. at 494. "First, the requirement of pleading with particularity protects defendants' reputations from the harm attendant to accusations of fraud or dishonest conduct." *Id*. (citing *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003)). Second, it "puts defendants on notice of the allegedly fraudulent conduct so that they can formulate a defense." *Id*. Third, the rule "prevent[s] plaintiffs from tagging on specious fraud claims to their pleadings in an attempt 'to induce advantageous

settlements or for other ulterior purposes.'" *Id*. (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).

**B.      PLAINTIFFS' CLAIMS**

Plaintiffs' factual allegations concerning their claims for breach of contract, fraud, and negligent misrepresentation are as follows:

> 6. Prior to closing on the Property, Defendants made written and oral representations to [Plaintiffs] concerning the condition of the Property, including, but not limited to, whether the Property had moisture or water problems and whether improvements to the Property had been built in compliance with governmental building code requirements.  Those representations were material and false.
> 7. As a result of the actions and omissions of Defendants, Plaintiffs have sustained and will sustained damages . . .
> 8. Defendants' tortious or otherwise wrongful conduct, described herein, arises from circumstances of willful and wanton conduct and was accompanied by fraud, malice and a reckless disregard of the rights and feelings of persons like Plaintiffs . . .

(Doc. # 32 at 2.)  These allegations fail to satisfy the applicable pleading standards.

First, the particularity requirement of Rule 9(b) applies to **all three** of Plaintiffs' claims, including breach of contract and negligent misrepresentation.  Plaintiffs contend in their Amended Complaint that Defendants' conduct "was accompanied by **fraud**." (*Id.*) (emphasis added).  *Gunningham*, 2008 WL 3477451 at *2, is instructive here, as its plaintiff also alleged that the defendant concealed and failed to disclose certain material facts, and the Court applied Rule 9(b)'s pleading standard to the plaintiff's negligent misrepresentation claim.  *See also Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (applying Rule 9(b)'s heightened pleading requirement to a negligent misrepresentation claim where the plaintiff's fraud and negligent misrepresentation claims were "based on the same set of alleged facts").

8

Second, Plaintiffs' Amended Complaint does not plead the three causes of action with particularity and therefore does not satisfy Rule 9(b)'s heightened pleading standard. See (Doc. # 32 at 2–3.) Plaintiffs do not specify with any particularity **when** the alleged misrepresentations were communicated ("[p]rior to closing on the Property"), **how** (i.e., through what mediums) the misrepresentations were communicated ("written and oral"), or **what** the content of the misrepresentations contained ("concerning the condition of the Property . . . "). See (id). The allegations Plaintiffs make are far too general to fulfill the aims of Rule 9(b). See Gunningham, 2008 WL 3477451 at *2 ("In short, the plaintiff does not specify any detail about any particular statements made by the defendants in support of the plaintiff's fraud and negligent misrepresentation claims. Under Rule 9(b), such general pleading is not sufficient"); Noland, 566 F. Supp. at 215–16 (holding that Rule 9(b) was not satisfied where the plaintiff did not "specify what those misstatements were"). Magistrate Judge Watanabe seemed to recognize the deficiencies of Plaintiffs' Amended Complaint too, as he acknowledged that he was "sympathetic to Defendants' argument that Plaintiffs' allegations fail to meet the . . . pleading standards." (Doc. # 62 at 9.)

Because all three of Plaintiffs' claims fail to meet the discriminating pleading standard of Rule 9(b), the Court agrees with Defendants that Plaintiffs' action must be dismissed for failure to state a claim for relief under Rule 12(b)(6). See (Doc. # 35 at 12–13.)

Magistrate Judge Watanabe's conclusion otherwise is contrary to law. He did not apply Rule 9(b) to the claims; he applied only the *Iqbal*/*Twombly* standard under Rule 8.

(Doc. # 62 at 9.) He was satisfied that "Plaintiffs do allege that Defendants made material representations that they knew to be false reporting water damage and the construction of improvements, and that Plaintiffs relied on those misrepresentations to their detriment." (*Id.*) Rule 9(b), applicable to Plaintiffs' three claims, plainly requires more specificity.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

ORDERED that the Court REJECTS the Magistrate Judge's February 2, 2018, Recommendation (Doc. # 62). It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 35) is GRANTED. Plaintiffs' claims are accordingly dismissed **without** prejudice. It is

FURTHER ORDERED that, should Plaintiffs wish to file a Second Amended Complaint specifically addressing the pleading deficiencies identified in this Order, it shall be filed no later than March 23, 2018, or this case will be dismissed with prejudice.

DATED: February 23, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge