IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00677-CMA-NRN

STEVEN HARDY, and
JODY WHITSON-HARDY,

    Plaintiffs,

v.

MERVIN J. FLOOD, and
SUSAN S. FLOOD,

    Defendants.
_____

**ORDER DENYING DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS' FEES**
_____

This matter is before the Court on Defendants Mervin Flood and Susan Flood's Motion for Costs and Attorneys' Fees. (Doc. # 65.) For the following reasons, the Court denies Defendants' request for costs and fees.

## I.     BACKGROUND

The Court's previous Order (Doc. # 64), United States Magistrate Judge Michael Watanabe's Recommendation (Doc. # 62), and United States Magistrate Judge N. Reid Neureiter's Recommendation (Doc. # 107) provide detailed recitations of the factual background of this case and are incorporated herein. The Court details the procedural history of this case only to the extent necessary to address Defendants' Motion for Costs and Fees.

Plaintiffs Steven Hardy and Jody Whitson-Hardy initiated this action in a Colorado state court on December 28, 2016, and asserted three claims for relief against Defendants: (1) breach of contract; (2) fraud; and (3) negligent misrepresentation. (Doc. # 3 at 4–7.) Defendants removed the action to this Court on March 16, 2017. (Doc. # 1.)

Defendants filed a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) shortly thereafter, arguing that Plaintiffs' Complaint was not sufficiently particular to satisfy Rule 9(b)'s pleading requirements for allegations of fraud. (Doc. # 7.) Plaintiffs responded on April 11, 2017 (Doc. # 14), to which Defendants replied on April 25, 2017 (Doc. # 15). Magistrate Judge Watanabe denied Defendants' Motion for a More Definite Statement on May 5, 2017. (Doc. # 23.) He concluded that that Plaintiffs' Complaint complied with Rule 8(d)(1)'s requirement that claims for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the claim. (*Id.* at 1–2.) Magistrate Judge Watanabe did not address Rule 9(b). Defendants did not appeal his Order.

Approximately two weeks later, on May 17, 2017, Defendants filed a Motion to Dismiss, seeking dismissal of all three claims on five grounds. (Doc. # 26.) Plaintiffs filed an Amended Complaint on June 9, 2017 (Doc. # 32), mooting Defendants' Motion to Dismiss, see (Doc. # 34). The Amended Complaint included for the first time a demand for punitive and exemplary damages. See (Doc. # 33-1.) It did not contain any novel substantive allegations.

On June 12, 2017, Defendants filed a second Motion to Dismiss, reprising the same five arguments they made in their first motion. (Doc. # 35.) Relevant here, Defendants' third argument was that the Complaint "contain[ed] mere conclusions, [and was] not entitled to the assumption of truth." (*Id.* at 11.) Plaintiffs responded on June 13, 2017, and argued that they sufficiently pled their claims. (Doc. # 37 at 7.) Plaintiffs noted that the Court had already denied Defendants' Motion for a More Definite Statement and had rejected Defendants' argument about the sufficiency of Plaintiff's Complaint. (*Id.*) Defendants replied in support of their Motion to Dismiss two weeks later. (Doc. # 42.)

In a Report and Recommendation issued February 2, 2018, Magistrate Judge Watanabe recommended that the Court deny Defendants' Motion to Dismiss. (Doc. # 62.) With respect to Defendants' third argument about the conclusory nature of Plaintiffs' Complaint, the Magistrate Judge stated that while he was "sympathetic to Defendants' argument that Plaintiffs' allegations fail to meet the *Iqbal*/*Twombley* pleading standards," he was satisfied that Plaintiffs' "allegations raise a reasonable expectation that discovery will reveal evidence to support the elements of the claims asserted." (*Id.* at 9.) Magistrate Judge Watanabe therefore recommended that "Plaintiffs' Amended Complaint not be dismissed as conclusory." (*Id.*)

Defendants filed an Objection to the Recommendation on February 15, 2018. (Doc. # 63.) They argued that under Rule 9(b), which "articulates the pleading requirements for fraud," Plaintiffs are required to "plead exactly what statements they allege constitute the fraud in this matter" but failed to do so in their Complaint. (*Id.* at 2.)

3

On February 23, 2018, this Court rejected Magistrate Judge Watanabe's Recommendation and granted Defendants' Motion to Dismiss. (Doc. # 64.) The Court determined that the particularity requirement of Rule 9(b) applied to all three of Plaintiffs' claims, including breach of contract and negligent misrepresentation, because Plaintiffs alleged that Defendants' conduct was fraudulent. (*Id.* at 8.) The Court then held that "Plaintiffs' Amended Complaint [did] not plead the three causes of action with particularity and therefore [did] not satisfy Rule 9(b)'s heightened pleading standard." (*Id.* at 9.) It therefore agreed with Defendants that "Plaintiffs' action must be dismissed for failure to state a claim for relief under Rule 12(b)(6)." (*Id.*) In its conclusion, the Court restated that "Plaintiffs' claims are . . . dismissed without prejudice." (*Id.* at 10.) However, the Court ordered that, "should Plaintiff wish to file a Second Amended Complaint specifically addressing the pleading deficiencies identified in this Order, it shall be filed no later than March 23, 2018, or this case will be dismissed with prejudice." (*Id.*) Plaintiffs filed a Second Amended Complaint on March 22, 2018. (Doc. # 66.) The Second Amended Complaint is presently the operative complaint, and the parties are preparing for a five-day jury trial to begin on May 20, 2019.[1] See (Doc. # 129.)

On March 3, 2018, Defendants filed the Motion for Costs and Attorneys' Fees presently before the Court. (Doc. # 65.) They are that they "are entitled to a mandatory award of costs and reasonable attorneys' fees incurred in defending Plaintiffs' Amended

---

[1] Defendants failed a Motion for Summary Judgment on November 7, 2018 (Doc. # 108), which is now ripe for the Court's review. The Court will rule on Defendants' Motion for Summary Judgment in due time.

4

Complaint as provided by Colorado Revised Statutes §§ 13-16-107 and 13-17-201, respectively." (*Id.* at 1.)  Defendants request an award of $7,691.76 in costs and $80,518.75 in attorneys' fees.  (*Id.* at 9.)  Plaintiffs responded in opposition to Defendants' request on April 9, 2018 (Doc. # 75), to which Defendants replied on April 23, 2018 (Doc. # 81).

## II. DISCUSSION

### A. COLORADO'S COSTS AND FEES STATUTES

The Court of Appeals for the Tenth Circuit has held that, when exercising diversity jurisdiction, federal courts should use Colorado's fee recovery provision "when Colorado state law tort claims are dismissed under [Rule] 12(b) because courts 'must apply the substantive law of the forum state' and attorney fee statutes are considered substantive for diversity purposes."  *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. 2009) (*quoting Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000)).  The Court therefore looks to Colorado's fee and cost recovery provisions in this matter.

First, regarding costs, Colo. Rev. Stat. § 13-16-107 provides for the recovery of costs on a motion to dismiss:

> If, in any action, judgment upon motion to dismiss by either party to the action is given against the plaintiff, the defendant shall recover costs against the plaintiff; if such judgment is given for the plaintiff, he shall recover costs against the defendant.

Colo. Rev. Stat. § 13-16-107.

Second, with respect to attorneys' fees, Colo. Rev. Stat. § 13-17-201 provides:

5

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, **where any such action is dismissed** on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201 (emphasis added). This provision is not limited to actions composed exclusively of tort claims; "Colorado courts . . . [have held] that a defendant who succeeds in dismissing a complaint under Rule 12(b) is entitled to the fee award even if the complaint included a mix of tort and non-tort claims." *Infant Swimming Research, Inc.*, 335 F. App'x at 716 (10th Cir. 2009) (citing *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 605, 607 (Colo. App. 2008)).

**B.    ANALYSIS**

Whether Defendants are entitled to an award of costs and attorneys' fees turns on whether this action is "such [an] **action . . . dismissed** on motion of the defendant prior to trial under rule 12(b)." *See* Colo. Rev. Stat. § 13-17-107 (emphasis added). The Court concludes that its February 23, 2018 Order did not dismiss Plaintiffs' action in its entirety, and consequently, Defendants are not eligible for an award of costs and attorneys' fees under Section 13-17-201. The same logic applies to Defendants' request for costs under Section 14-16-107.

By its plain text, Section 13-17-201 only requires an award of attorneys' fees where a court dismisses **the entire action**. *See Berg v. Shapiro*, 36 P.3d 109, 113 (Colo. App. 2001) ("an award of fees under [Section 13-17-201] requires that the entire tort action be dismissed pursuant to a motion filed under C.R.C.P. 12(b)."); *see also Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2001) (Section 13-17-

6

201 "must be strictly construed.")  There exists an important distinction between dismissal of an entire action and dismissal of a complaint.  The Tenth Circuit explained the distinction in *Moya v. Schollenbarger*:

> Based on our precedent, and although "it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the 'twilight zone' of finality," we can lay out the following principles to be used in reviewing dismissal orders for finality. First, if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable. Second, where a district court dismissal expressly denies the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final. Third, **when the dismissal order expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint**; the dismissal is thus not a final decision. Finally, in all other cases, we look to the language of the district court's order, the legal basis of the district court's decision, and the circumstances attending dismissal to determine "the district court's intent in issuing its order— dismissal of the complaint alone or actual dismissal of plaintiff's entire action." If the effect of the district court order is that the plaintiff is "effectively excluded from federal court," then the district court must have intended to dismiss the entire action and our appellate jurisdiction is proper.

*Moya v. Schollenbarger*, 465 F.3d 444, 450–51 (10th Cir. 2006) (emphasis added) (internal citations omitted).  The Tenth Circuit's guidance is necessary given "the unfortunate reality that sometimes"—such as in this Court's February 23, 2018 Order— "courts are less than clear as to whether they intend to dismiss just the complaint or the entire action."  *Id.* at 450.

The Court now clarifies that it did not dismiss the entire action in its February 23, 2018 Order; it dismissed only Plaintiffs' Amended Complaint.  *See* (Doc. # 64.)  The Order expressly granted Plaintiffs leave to file a Second Amended Complaint "specifically addressing the pleading deficiencies identified in [the] Order."  (*Id.* at 10.)

7

Pursuant to the Tenth Circuit's guidance in *Moya v. Schollenbarger*, that "conclusively shows that [the Court] intended only to dismiss the complaint." *See* 465 F.3d at 451. Because the Court did not dismiss the entire action in its February 23, 2018 Order, Defendants' request for costs and attorneys' fees must be denied under the plain language of Sections 13-17-201 and 13-16-107.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Costs and Attorneys' Fees (Doc. # 65).

DATED: February 21, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge