IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00677-CMA-NRN

STEVEN HARDY, and
JODY WHITSON-HARDY,

    Plaintiffs,

v.

MERVIN J. FLOOD, and
SUSAN S. FLOOD,

    Defendants.
_____

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

This matter is before the Court on Defendants Mervin Flood and Susan Flood's Motion for Summary Judgment (Doc. #108), wherein Defendants argue that Plaintiffs Steven Hardy and Jody Whitson-Hardy did not initiate this action within the applicable statutes of limitation and, alternatively, that Plaintiffs lack sufficient evidence to establish elements of their three causes of action. (Doc. # 108 at 5–6.) Defendants therefore request that this Court summarily dismiss Plaintiffs' claims against them. Because genuine issues of material fact govern this dispute, the Court denies Defendants' Motion for Summary Judgment.

**I.**  **BACKGROUND**

The Court's previous Order (Doc. # 64), United States Magistrate Judge Michael Watanabe's Recommendation (Doc. # 62), and United States Magistrate Judge N. Reid

Neureiter's Recommendation (Doc. # 107) provide detailed recitations of the factual background of this case and are incorporated herein. The Court details the factual background and procedural history of this case only to the extent necessary to address Defendants' Motion for Summary Judgment.

The action arises from Plaintiffs' purchase of a residential property and its improvements (e.g., a barn, a road arch) in Franktown, Colorado, from Defendants in June 2013, pursuant to a Contract to Buy and Sell Real Estate (the "Purchase Agreement"). (Doc. # 66.) Plaintiffs allege that Defendants were obligated to but did not disclose several latent defects of which Defendants were aware before the parties executed the Purchase Agreement. (*Id.* at 7–8.) They further claim that "Defendants' failure to disclose, and their affirmative misrepresentations in the sale disclosures" have caused Plaintiffs to sustain damages, including "property damage, diminished value of the Property, costs of repairs, loss of improvements, increased tax liabilities, costs of relocation and temporary living and storage space, loss of use . . . of the Property, and wrongful eviction and invasion of rights to private occupancy." (*Id.* at 8.) Plaintiffs initiated this action on December 28, 2016, and assert three claims for relief against Defendants: (1) breach of contract; (2) fraud; and (3) negligent misrepresentation. (Doc. # 3 at 4–7; Doc. # 66.) Plaintiffs also claim that "Defendants' conduct . . . was attended by circumstances of fraud, malice, and/or willful and wanton conduct" and therefore ask for punitive and exemplary damages, in addition to "actual, compensatory, consequential, and incidental damages." (Doc. # 66 at 11.)

Defendants moved to dismiss Plaintiffs' Second Amended Complaint (Doc. # 66) on April 12, 2018. (Doc. # 78.) They argued that "[t]he Court should dismiss this action for five independent reasons." (*Id.* at 2.) Relevant to the Motion for Summary Judgment are Defendants' first, second, and fourth arguments:

> First, Plaintiffs failed to commence this Action within the three-year limitation period applicable to all three claims. Second, Plaintiffs cannot, as a matter of law, satisfy the justifiable reliance element for any claim of, or rooted in, fraud or negligent misrepresentation. . . . Fourth, Defendants' representation that there was no known water damage or moisture problem at the Property was accurate and therefore cannot support any allegation of, or rooted in, fraud, and Plaintiffs have not pled facts sufficient to establish Defendants had actual knowledge of any water problems at the Property.

(*Id.* at 2–3.) Magistrate Judge Neureiter rejected each of these arguments and recommended that the Court deny Defendants' Motion to Dismiss. (Doc. # 107.) Neither party objected to the Recommendation, and the Court affirmed and adopted it and denied Defendants' Motion to Dismiss on November 15, 2018. (Doc. # 112.)

On November 7, 2018, Defendants filed the Motion for Summary Judgment presently before the Court. (Doc. # 108.) Plaintiffs responded in opposition to summary judgment on December 14, 2018 (Doc. # 119), to which Defendants replied on January 4, 2019 (Doc. # 123).

A five-day jury trial of this matter is set to begin on May 20, 2019. (Doc. # 129.)

## II. <u>LEGAL STANDARD</u>

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). A fact is "material" if it is

3

essential to the proper disposition of the claim under the relevant substantive law. *Id.* A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Id.* In reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d

1267, 1269 (10th Cir. 2012).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Id.*

### III.  ANALYSIS

Defendants assert that "[a]s a matter of law, Plaintiffs cannot prevail in this action for two reasons."  (Doc. # 108 at 5.)  "First, they failed to file the lawsuit within the applicable statute of limitations," Defendants contend.  (*Id.*)  Second, they argue that "Plaintiffs cannot, based on any evidence in the record, meet their burden of establishing the essential elements" of their claims, including justifiable reliance, an intent to defraud them, and actual knowledge of water damage.  (*Id.* at 6.)  The Court addresses each argument in turn.

**A.  STATUTE OF LIMITATIONS**

Under Colorado law, the statute of limitations for all of Plaintiffs' claims—breach of contract, fraud, and negligent misrepresentation—is three years.  Colo. Rev. Stat. §§ 13-80-101(1)(a), (c).  A claim for breach of contract accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(6).  Claims for fraud and misrepresentation accrue "on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(3).

Defendants assert that the limitations period on all of Plaintiffs' claims began to run in June 2013, when "Plaintiffs knew or should have known that the Douglas County

government did not have a permit on record for the Property's basement."  (Doc. # 108 at 7.)  They reason that because "Plaintiffs received the Douglas County Assessor Parcel Search" at closing on June 7, 2013, and that "document clearly and unequivocally states that the finished square feet in the basement at the Property, according to the Douglas County Assessor's Office, is zero," Plaintiffs knew or should have known "through the exercise of reasonable diligence, that the basement of the Property was not permitted and any disclosures or statements to the contrary, if any, were not accurate."  (*Id.* at 7–8.)  Defendants also argue that "Plaintiffs' possession of this document at the time of the closing establishes they were aware, or should have been aware through reasonable diligence, of any alleged fraud by Defendants."  (*Id.* at 8.)  Applying the three-year statute of limitations, Defendants contend that Plaintiffs were required to file this action by June 2016 and that they "filed this action far too late by waiting until December 28, 2016."  (*Id.*)

Defendants fail to demonstrate the absence of a genuine dispute of material fact regarding the statute of limitations.  At the outset, it is well-established Colorado law that "whether the statute of limitations bars a particular claim is a fact question."  *Mastro v. Brodie*, 672 P.2d 1162, 1169 (Colo. 1984) (collecting cases).  This is because the time when the limitations period begins to accrue—when the plaintiff discovered, or in the exercise of reasonable care should have discovered the conduct at issue—is "normally a question of fact which must be resolved by the trier of fact."  *Morris v. Greer*, 720 P.2d 994, 997 (Colo. App. 1986); *see also City of Aurora, Colo. v. Bechtel Corp.*, 599 F.2d 382, 389 (10th Cir. 1979) ("Of course, the question of whether or not the plaintiff actually

discovered, or should have discovered, the damage that occurred and that it probably resulted from [the defendant's conduct] is a question which should be left for the trier of fact.") It is only "where the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the [alleged] conduct as of a particular date, [that] the issue may be decided as a matter of law." *Morris*, 720 P.2d at 997. This is not such a case.

The parties vociferously dispute when Plaintiffs discovered, or should have discovered in the exercise of reasonable diligence, Defendants' alleged breaches of the Purchase Agreement, their fraud, and their negligent misrepresentations. In response to Defendants' argument that Plaintiffs knew or should have known that the basement was finished without a permit at closing when they received the Parcel Search document, Plaintiffs assert that the "vague and inconclusive document [was] immaterial and failed to put Plaintiffs on notice of anything and certainly did not put Plaintiffs on notice of latent or defective conditions of Defendants' Property." (Doc. # 119 at 16.) Plaintiffs point to their real estate expert's opinion that "it would not be reasonable for anyone involved in the transaction in this case to reply upon the title company's post-closing provision [sic] submission of the tax agreement or parcel search document to the buyers to serve as notice to the buyers of any of the latent defects at issue in this case." (*Id.* at 17); *see* (Doc. # 119-2 at 2.) It is Plaintiffs' position that the limitation period on their claims did not begin to run until "April 2015, when Mr. Hardy contacted Mr. Flood about the multitude of problems Plaintiffs had been experiencing at the home." (Doc. # 119 at 16.)

In light of Plaintiffs' sound arguments, it is evident that there are genuine disputes of material fact regarding the statute of limitations—namely, when the limitations period began to accrue for Plaintiffs' claims. This is a matter for the jury to decide at trial. Defendants have not satisfied their burden to prove entitlement to judgment as a matter of law on statute of limitations grounds, and the Court rejects Defendants' first argument for summary judgment.

**B.     ELEMENTS OF THE CLAIMS**

1. Elements of the Claims at Issue

To succeed on their claim for breach of contract under the Purchase Agreement, Plaintiffs must prove the following elements: (1) the existence of a contract; (2) performance by Plaintiffs or some justification for nonperformance; (3) failure to perform the contract by Defendants; and (4) resulting damages to Plaintiffs. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

To succeed on their claim for fraud, Plaintiffs "must show [Defendants] made a false representation of a material fact, knowing that representation to be false; that [Plaintiffs were] ignorant of the falsity; that the representation was made with the intention that it be acted upon; and, that the reliance resulted in damage to [Plaintiffs]." *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citing *Brody v. Bock*, 897 P.2d 769, 775–76 (Colo. 1995)). The last element, that the reliance resulted in damage to the plaintiff, has "three discrete sub-parts, requiring the plaintiff to prove separately actual reliance, the reasonableness of that reliance, and that the plaintiff's

8

reliance caused its damages." *Bristol Bay Prod., LLC v. Lampack*, 2013 CO 60, ¶ 26 (2013).

To succeed on their claim for negligent misrepresentation, Plaintiffs must prove the following elements: "(1) one in the course of his or her business, profession, or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or his representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment." *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) (citing *Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denver, N.A.*, 892 P.2d 230, 236 (Colo. 1995)).

Defendants' second argument in favor of summary judgment is that "Plaintiffs cannot, based on any evidence in the record, meet their burden of establishing the essential elements" of their claims, including justifiable reliance, an intent to defraud them, and actual knowledge of water damage. (Doc. # 108 at 6.)

To begin, the Court rejects Defendants' assertion that to succeed on all of their claims—including breach of contract—Plaintiffs must demonstrate justifiable reliance, an intent to defraud them, and actual knowledge of water damage. *See* (*id.* at 8–10.) The elements of Plaintiffs' three claims, as set out above, are indisputably well-established in Colorado case law, and the elements with which Defendants are concerned do not apply to all three claims. That this Court previously noted that Rule 9(b)'s pleading standard applied to all three claims because Plaintiffs contend in their Complaint that Defendants' conduct "was accompanied by fraud," *see* (Doc. # 64 at 8),

9

does not change or add to the aforementioned elements of Plaintiffs' claims. Defendants provide no authority in support of their argument otherwise. *See* (Doc. # 108 at 8–10.) Importantly, the three elements with which Defendants are concerned (justifiable reliance, an intent to defraud them, and actual knowledge of water damage) are not elements of Plaintiffs' breach of contract. Defendants are therefore not entitled to summary judgment on Plaintiffs' breach of contract claim.

    2.    <u>Justifiable Reliance by Plaintiffs</u>

Justifiable reliance is an element of Plaintiffs' fraud and negligent misrepresentation claims.

Defendants rely on Colorado case law for the proposition that "[l]ongstanding Colorado law prohibits a plaintiff from bringing a claim for fraudulent or negligent misrepresentation" because the plaintiff's reliance on the allegedly fraudulent or misrepresentative information cannot be said to be justifiable "when the plaintiff has equal and open access to learn the true character of the property." (Doc. # 108 at 10–11) (citing, *e.g.*, *Troutman v. Stiles*, 290 P. 281, 283 (Colo. 1930)). Defendants argue Plaintiffs cannot demonstrate justifiable reliance because "Plaintiffs knew or had reason to know that records showed the basement had zero finished square feet and that the Property was assessed based on the finished space in the main floor only," and because "[w]hether there was a permit for the basement . . . is a matter of public record" at the time they closed on the property. (*Id.* at 11–12.) They contend the information that the basement was not permitted was "readily available" "through a review of Douglas County public records." (*Id.* at 12.) Defendants argue that because "Plaintiffs

cannot prove justifiable reliance," they "cannot establish this mandatory element of the claims of . . . fraud and/or negligent misrepresentation." (*Id.*)

The Court disagrees. "Whether [a buyer] justifiably relied on [an] alleged misrepresentation [is] a question of fact" to be determined by the factfinder unless reasonable minds could not differ. *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 251 P.3d 1109, 1116–17 (Colo. App. 2010); *Bourret v. Aspect Mgmt. Corp.*, No. 12-cv-3320-RPM, 2013 WL 6334950, *1 (D. Colo. Dec. 5, 2013) (citing *Balkind v. Telluride Mtn. Title. Co.*, 8 P.3d 581, 587 (Colo. App. 2000)). In this matter, there are certainly disputed issues of material fact that could lead reasonable minds to differ as to whether Plaintiffs' reliance on Defendants' representations was justifiable. For example, the parties dispute whether they had equal access to the facts. Plaintiffs disagree with Defendants' contention that all pertinent information was readily available to them, asserting that the problems they had with property were latent defects, which are, by their very nature, not equally discoverable to each party. (Doc. # 119 at 20.) Plaintiffs also reject Defendants' position that they could have discovered all relevant facts had they diligently inspected county records:

> Given that [Plaintiffs] thought the basement and other improvements were finished along with the original house, [finding the absence of a permit for the basement in county records] would not have raised any red flags with Plaintiffs or disclosed Defendants' misrepresentations. . . . [T]he absence of a permit in the public records would in no way have revealed the date of construction for the basement and improvements and the fact that these additions were made in violation of the building code, or what water problems [Defendants] knew about.

(*Id.* at 22.) Because Plaintiffs have set forth specific facts showing genuine disputes of material fact as to whether their reliance on Defendants' representations was justifiable,

11

summary judgment on Plaintiffs' claims of fraud and negligent misrepresentation is inappropriate.

3. <u>Defendants' Intent to Defraud and Their Actual Knowledge</u>

That there are genuine disputes of material facts as to a single element—justifiable reliance—of Plaintiffs' claims for fraud and negligent misrepresentation is sufficient to preclude summary judgment. The Court need not address Defendants' additional arguments that Plaintiffs cannot demonstrate that Defendants intended to defraud them and that Defendants possessed actual knowledge of any water damage. It makes no judgment on the merits of Defendants' additional arguments.

## IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Motion for Summary Judgment (Doc. # 108).

DATED: February 26, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge