IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00677-CMA-NRN

STEVEN HARDY, and
JODY WHITSON-HARDY,

    Plaintiffs,

v.

MERVIN J. FLOOD, and
SUSAN S. FLOOD,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' FOURTH MOTION *IN LIMINE*, DENYING PLAINTIFFS' MOTION TO ALLOW TRIAL TESTIMONY BY TELEPHONE OF WITNESS EDWIN "HAPPY" BROUSSARD, AND *SUA SPONTE* VACATING and RESETTING TRIAL DATES**

---

This matter is before the Court on Defendants Mervin J. Flood and Susan S. Flood's Motion *in Limine* (Doc. # 136), and Plaintiffs Steven Hardy and Jody Whitson-Hardy's Motion to Allow Trial Testimony by Telephone of Witness Edwin "Happy" Broussard (Doc. # 137). For the following reasons, the Court grants Defendants' Fourth Motion *in Limine*, denies Plaintiffs' request for remote testimony by Mr. Broussard, and *sua sponte* vacates and resets the trial dates.

I.     BACKGROUND

The Court's previous Orders (Doc. # 131; Doc. # 64), United States Magistrate Judge Michael Watanabe's Recommendation (Doc. # 62), and United States Magistrate Judge N. Reid Neureiter's Recommendation (Doc. # 107) provide detailed recitations of

the factual background of this case and are incorporated herein. The Court details the procedural history and factual background of this case only to the extent necessary to address Defendants' Fourth Motion *in Limine* and Plaintiffs' Motion regarding telephonic trial testimony.

This action arises from Plaintiffs' purchase of a residential property and its improvements from Defendants in June 2013, pursuant to a Contract to Buy and Sell Real Estate (the "Purchase Agreement"). (Doc. # 66.) Plaintiffs allege that Defendants were obligated to but did not disclose several latent defects of which Defendants were aware before the parties executed the Purchase Agreement. (*Id.* at 7–8.) Plaintiffs assert that, among these alleged latent defects, was the fact that "the basement was finished without the required building permit[.]" (Doc. # 142 at 12.) They further claim that "Defendants' failure to disclose, and their affirmative misrepresentations in the sale disclosures" have caused Plaintiffs to sustain damages. (Doc. # 66 at 8.) Plaintiffs initiated this action on December 28, 2016, and assert three claims for relief against Defendants: (1) breach of contract; (2) fraud; and (3) negligent misrepresentation. (Doc. # 3 at 4–7; Doc. # 66.)

On February 26, 2019, the Court denied summary judgment on all of Plaintiffs' claims and Defendants' statute of limitations defense. (Doc. # 131 at 12.) On April 24, 2019, Defendants filed their Motion *in Limine* and raised four distinct motions *in limine* before the Court. (Doc. # 136.) In their Fourth Motion *in Limine*, Defendants request that the Court preclude Plaintiffs from introducing deposition testimony from Mr. Edwin "Happy" Broussard's July 6, 2018 deposition. (*Id.* at 15.) Defendants' Fourth Motion *in*

*Limine* is related to Plaintiffs' Motion to permit telephonic trial testimony because they both concern Mr. Broussard and raise time-sensitive issues. (Doc. # 136 at 12; Doc. # 137 at 2.) In fact, Plaintiffs allege that their Motion "is necessitated only because Defendants are attempting to preclude" Mr. Broussard's telephonic and deposition testimony. (Doc. # 136 at 2, ¶ 3.) On May 6, 2019, Plaintiffs filed a Response to Defendants' Motion *in Limine* (Doc. # 142) and Defendants filed a Response to Plaintiffs' Motion requesting to permit telephonic testimony from Mr. Broussard (Doc. # 143). Because the Motions are interrelated, the Court addresses both Motions in turn.

Mr. Broussard was the real estate broker for Defendants when they sold the property at issue to Plaintiffs. (Doc. # 142 at 12.) Plaintiffs explain that Mr. Broussard was expected to testify as to whether the Defendants told Mr. Broussard that the finished basement was unpermitted and to inform Plaintiffs of the same. (*Id.*) Whether Defendants should have but failed to disclose that the finished basement was unpermitted is an issue for trial. (*Id.*)

Plaintiffs served a subpoena duces tecum on Mr. Broussard on December 19, 2017. (Doc. # 136 at 16.) Plaintiffs' counsel coordinated production of responsive bates-labeled documents through a third-party vendor, and, on January 22, 2018, produced what Plaintiffs' counsel alleged to be a complete production of responsive documents (832 pages) to Defendants. (Doc. # 142 at 13.) Mr. Broussard was deposed on July 6, 2018. (Doc. # 136 at 16; Doc. # 142 at 13.) Nearly two months after Mr. Broussard's deposition, Plaintiffs' counsel "discovered that the third-party vendor hired to label and prepare Mr. Broussard's documents for production had inadvertently missed" an

additional 1,733 pages of responsive documents ("Additional Documents"). (Doc. # 136 at 16; Doc. # 142 at 13.)

On August 27, 2018, Plaintiffs' counsel produced the Additional Documents to Defendants. (Doc. # 136 at 16; Doc. # 136-3; Doc. # 142 at 13.) Discovery closed on September 17, 2018. (Doc. # 95.) Neither party sought to re-open Mr. Broussard's deposition. (Doc. # 136 at 18–19; Doc. # 142 at 14.) Until April 1, 2019, both parties anticipated that Mr. Broussard would either provide live testimony or his testimony would be proffered through deposition designations. (Doc. # 127-1; Doc. # 127-3.) It is now clear that Plaintiffs do not intend to call Mr. Broussard as a live, in-person witness. (Doc. # 137.)

## II. ANALYSIS

### A. DEFENDANTS' FOURTH MOTION *IN LIMINE*

#### 1. Legal Standard

Federal Rule of Civil Procedure 32(a)(1) provides that all or part of a deposition may be used against a party at a trial only if:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1)(A)-(C). At issue in the instant case is whether Mr. Broussard's deposition testimony would be admissible under the Federal Rules of Evidence if Mr. Broussard were present and testifying at trial. "The admission of testimony in a

deposition is within the sound discretion of the trial court." *Reeg v. Shaughnessy*, 570 F.2d 309, 317 (10th Cir. 1978).

    2.    <u>Application</u>

Defendants move to exclude the use of Mr. Broussard's deposition testimony at trial because discovery-related issues prevented Defendants from having "the opportunity to cross-examine Mr. Broussard with the benefit of all of the evidence provided in response to his subpoena." (Doc. # 136 at 15.) The Court agrees. Introduction of Mr. Broussard's deposition testimony at trial would cause unfair prejudice because Defendants never had an opportunity to cross examine Mr. Broussard on 1,733 pages of Additional Documents that should have been produced in January 2018, and that would have been used had Mr. Broussard testified at trial. Therefore, Mr. Broussard's deposition testimony is inadmissible under Rule 32(a)(1)(B).

The Court will not permit the use of this incomplete deposition testimony at trial in lieu of live testimony or a trial preservation deposition. Whether the additional responsive documents were inadvertently or purposefully disclosed late is irrelevant. Mr. Broussard's deposition testimony does not reflect testimony that would have been admissible testimony if Mr. Broussard were present and testified at trial. Fed. R. Evid. 32(a)(1)(B). Plaintiffs are precluded from using Mr. Broussard's deposition testimony at trial. However, if Plaintiffs wish to preserve and introduce Mr. Broussard's testimony at trial, the Court grants Plaintiffs leave to take a trial preservation deposition of Mr. Broussard prior to trial.

## B. PLAINTIFFS' MOTION TO ALLOW TRIAL TESTIMONY BY TELEPHONE

### 1. Legal Standard

Federal Rule of Civil Procedure 43(a) and CMA Civil Practice Standard 43.1D(a) govern Plaintiffs' request to permit Mr. Broussard to testify by telephone. Rule 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). Pursuant to CMA Civil Practice Standard 43.1D, remote testimony includes testimony by telephone. CMA Civ. Practice Standard 43.1D.

"Rule 43(a), which allows for remote testimony, is by its own terms permissive and not mandatory." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013). Considering the Advisory Committee's notes to Rule 43(a), the Court of Appeals for the Tenth Circuit observed that "the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.'" *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1994 amendment). Indeed, the Advisory Committee noted that "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Shell v. Henderson*, No.

09-cv-00309-MSK-KMT, 2013 WL 4502271, at *1 (D. Colo. Aug. 23, 2013) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1994 amendment).

A witness's out-of-state residence or arranged travel plans do not constitute good cause in compelling circumstances that warrant remote testimony when the party seeking to elicit the telephonic testimony has knowledge of the witnesses' residence "well in advance before trial[.]" *Eller*, 739 F.3d at 478 (holding that district court did not abuse its discretion by denying telephonic appearance at trial when party knew of witnesses' out-of-state residence and could have foreseen that the witness might not be available for trial). In *Eller*, the court held that the plaintiff did not make a sufficient showing of good cause to justify remote testimony for two witnesses. *Id.* With respect to the first witness, the plaintiff knew of one witness's out-of-state residence "well in advance before trial" and "could have made arrangements ahead of time for introducing" the witness's testimony, "by deposition for instance." *Id.* Regarding the second witness, the plaintiff offered no evidence that the witness's trip to a foreign country was "unexpected," and as a result, the plaintiff "could (and perhaps should) have foreseen that" the witness "might not be available for trial and made alternative arrangements for his testimony." *Id.* at 478–79.

2.  Application

The Court agrees with the Advisory Committee's note on Rule 43(a) that "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The difference between live and telephonic testimony cannot be understated. As such,

7

remote testimony should be provided only for good cause under the most exceptional circumstances.

In this case, good cause does not exist. Plaintiffs argue that Mr. Broussard's telephonic testimony is "necessitated" because Defendants have sought to exclude Mr. Broussard's deposition testimony and Mr. Broussard cannot appear live at trial due to a pre-scheduled anniversary trip with his wife. (Doc. # 137 at 2, ¶ 3.) The Court is unpersuaded. Plaintiffs have known that Mr. Broussard is a Louisiana resident at least since Mr. Broussard testified to that fact at his deposition on July 6, 2018. (Doc. # 137 at 2, ¶ 3; Doc. # 143 at 6.)

Plaintiffs offered no explanation as to why Mr. Broussard's inability to testify at trial was unexpected. To the contrary, Plaintiffs represent that Mr. Broussard is "unavailable for trial because he is scheduled to be on an anniversary vacation with his wife, touring various national parks at remote locations." (Doc. # 137 at 2, ¶ 3.) An anniversary is not unexpected. Because Plaintiffs knew of Mr. Broussard's Louisiana residence "well in advance of trial[,]" and Plaintiffs provide no evidence that Mr. Broussard's anniversary trip was "unexpected," Plaintiffs "could (and perhaps should) have foreseen that" Mr. Broussard might not be available for trial and made alternative arrangements for his testimony. *See Eller*, 739 F.3d at 479. Accordingly, Mr. Broussard is not permitted to testify telephonically at trial.

### C. *SUA SPONTE* ORDER VACATING AND RESETTING TRIAL DATES

It is clear that the parties are not ready to proceed to trial. In contravention of the Court's Civil Practice Standard 43.1B(a) and the Court's Order denying Defendants'

Request For Immediate Status Conference (Doc. # 145), counsel for the parties failed to meet and confer and submit a single, joint list of exhibits that they expect to offer. CMA Civ. Practice Standard 43.1B(a). To the contrary, the parties filed competing exhibit lists with corresponding papers that point the finger at one another. This is unacceptable.

While neither party is blameless, it appears to the Court that it was Defendants' failure to timely provide exhibits and file their objections to Plaintiffs' exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) that significantly contributed to the delay requiring the Court's intervention. Moreover, as of February 8, 2019 (Doc. # 127-3), Defendants were aware that Plaintiffs anticipated using Mr. Broussard's July 6, 2018 deposition testimony. Yet, they waited until April 24, 2019, to file their Motion *in Limine* (Doc. # 136 at 15) objecting to the use of such deposition testimony. Defendants' delayed objection has forced the Court's hand to remedy issues that could have been resolved had the parties met their obligations and conferred in good faith.

Plaintiffs' inability to secure the live testimony of Mr. Broussard has also captured the Court's attention. For the reasons set forth above, Plaintiffs should have but did not make alternative arrangements for providing admissible testimony by Mr. Broussard. Indeed, Plaintiffs have known about trial dates since February 15, 2019, and still did not arrange for a way to secure Mr. Broussard's admissible testimony.

The parties are neither prepared for trial nor are they taking their obligations under the Federal Rules of Civil Procedure and the Court's Civil Practice Standards seriously. As such, the five-day jury trial that was set to commence on May 20, 2019, is vacated and reset to commence on November 4, 2019, at 8:30 AM. The Final Trial

Preparation Conference that was set for May 15, 2019, at 3:00 PM, is vacated and reset for October 23, 2019, at 3:00 PM. The parties are also directed to attend an in-person Status Conference with the Court on May 15, 2019, at 3:00 PM.

The Court can provide the parties with an alternative, earlier trial start date of either July 8, 2019, or August 19, 2019. However, these dates are double-set, and the trials currently set on those dates have priority if either trial commences. Counsel for the parties are directed to confer about these earlier dates prior to the status conference which this Court is setting in lieu of the Final Trial Preparation Conference.

The Court understands that its *sua sponte* Order might have the inadvertent effect of rewarding unacceptable behavior. It is not the Court's intent to reward either party. If counsel continue to behave as unprofessionally as they have to this point by failing to confer in good faith and failing to comply with the Court's Practice Standards, the Court will take any and all appropriate action, including the imposition of sanctions.

### III. CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' Motion *in Limine* (Doc. # 136) is GRANTED IN PART. Specifically, Defendants' Fourth Motion *in Limine* is GRANTED and the Court reserves its ruling on Defendants' First, Second, and Third Motions *in Limine*. It is

FURTHER ORDERED that Plaintiffs' Motion to Allow Trial Testimony By Telephone of Witness Edwin "Happy" Broussard (Doc. # 137) is DENIED. It is

FURTHER ORDERED that authorization is granted for the parties to retake the deposition of Edwin "Happy" Broussard. It is

FURTHER ORDERED that the Trial Preparation Conference set for **May 15, 2019**, is VACATED, and RESET to **October 23, 2019, at 3:00 PM**. In lieu thereof, the parties are directed to attend an in-person Status Conference on **May 15, 2019, at 3:00 PM**. It is

FURTHER ORDERED that the five-day jury trial set to commence on **May 20, 2019**, is VACATED and RESET to **November 4, 2019, at 8:30 AM**.

DATED: May 10, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge