IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00677-CMA-NRN

STEVEN HARDY, and
JODY WHITSON-HARDY,

    Plaintiffs,

v.

MERVIN J. FLOOD, and
SUSAN S. FLOOD,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE*

This matter is before the Court on Defendants Mervin J. Flood and Susan S. Flood's Motion *in Limine* (Doc. # 136). For the following reasons, the Court grants Defendants' Motion *in Limine*.

### I.     BACKGROUND

The Court's previous Orders (Doc. # 131; Doc. # 64), United States Magistrate Judge Michael Watanabe's Recommendation (Doc. # 62), and United States Magistrate Judge N. Reid Neureiter's Recommendation (Doc. # 107) provide detailed recitations of the factual background of this case and are incorporated herein. The Court details the procedural history and factual background of this case only to the extent necessary to address Defendants' Motion *in Limine*.

This action arises from Plaintiffs' purchase of a residential property and its improvements from Defendants in June 2013, pursuant to a Contract to Buy and Sell Real Estate (the "Purchase Agreement"). (Doc. # 66.) Plaintiffs allege that Defendants were obligated to but did not disclose several latent defects[1] of which Defendants were aware before the parties executed the Purchase Agreement. (*Id.* at 7–8.) Plaintiffs assert that, among these alleged latent defects, was the fact that "the basement was finished without the required building permit[.]" (Doc. ## 142 at 12, 66 at ¶ 34.) They further claim that "Defendants' failure to disclose, and their affirmative misrepresentations in the sale disclosures" have caused Plaintiffs to sustain damages. (Doc. # 66 at 8.) On December 28, 2016, Plaintiffs initiated this action and asserted three claims for relief against Defendants: (1) breach of contract; (2) fraud; and (3) negligent misrepresentation. (Doc. # 3 at 4–7; Doc. # 66.) However, on May 15, 2019, Plaintiffs stipulated to the dismissal of their negligent misrepresentation claim (Doc. # 151) and the Court dismissed that claim with prejudice (Doc. # 153).

On February 26, 2019, the Court denied summary judgment on all of Plaintiffs' claims and Defendants' statute of limitations defense. (Doc. # 131 at 12.) On April 24, 2019, Defendants filed their Motion *in Limine* and raised four distinct motions *in limine* before the Court. (Doc. # 136.) On May 10, 2019, Defendants' Fourth Motion *in Limine*

---

[1] In particular, Plaintiffs allege in ¶ 13 of their Second Amended Complaint that: "The basement finish work, and additional home improvements (the upstairs, barn and the road arch), were not constructed and completed pursuant to the requisite government building permitting process, i.e., Defendants did not obtain a permit, building department design review/approval, and building department inspections." (Doc. # 66.)

was granted and the trial was vacated. (Doc. # 150.) The Court considers Defendants' remaining motions in *limine* in turn.

## II. DISCUSSION

### A. DEFENDANTS' MOTION *IN LIMINE* NO. 1

In Defendants' first motion in *limine*, they seek a determination of law that Defendants did not have a duty to disclose the fact that Defendants failed to acquire a building permit for the basement that they finished because the building permit status is not a latent defect. (Doc. # 136 at 1–2.) Defendants first argue that, under Colorado law, failure to obtain a permit for a basement is not a latent defect because it does not involve a "*physical* defect" to the property. (*Id.* at 2 (emphasis in original).) Defendants' second contention provides that, as a matter of law, the failure to obtain a permit was not "latent" because the unpermitted status of the basement was "discoverable through reasonable inspection," and, in particular, available on the "Douglas County Assessor's Office Parcel Search website." (*Id.* at 4–5.) As such, Defendants assert that the Court should rule, as a matter of law, that Defendants had no duty to disclose that the basement was unpermitted and that such a fact cannot support Plaintiffs' fraudulent concealment claim. (*Id.* at 5–6.)

Plaintiffs respond by arguing that Defendants' first motion *in limine* is a rehash of their previously rejected arguments from several motions to dismiss (Doc. ## 26, 35, 78) and their Motion for Summary Judgment (Doc. # 108). (Doc. # 142 at 2–3.) Moreover, relying on nonbinding precedent, Plaintiffs contend that Defendants' first motion *in limine* is an improper and belated dispositive motion. (*Id.* at 1–2.) To the extent that the

3

Court considers Defendants' first motion *in limine*, Plaintiffs reincorporate their arguments in opposition to Defendants' multiple motions to dismiss (Doc. ## 37, 87) and Motion for Summary Judgment (Doc # 119). (*Id.* at 3.)

    1.    <u>Whether Defendants' First Motion *in Limine* is Proper</u>

As a threshold issue, the Court rejects Plaintiffs' argument that Defendants' first motion *in limine* is improper.[2] (Doc. # 142 at 1–3.) "A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aide the parties in formulating trial strategy." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)). "The purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) (internal quotations omitted). "Pretrial rulings often may save time at trial, as well as save the parties time, effort and cost in preparing their cases." *Id.* (citing *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002)).

Plaintiffs assert that the jury should determine, as a question of fact, whether Defendants' lack of building permit was a latent defect. (Doc. # 87 at 18–19.) However, Plaintiffs cite no authority in support of their argument.[3] Whereas, Colorado precedent

---

[2] The Court agrees with Plaintiffs to the extent that this is an issue that Defendants should have raised in the prior motion for summary judgment. However, the fact that Defendants failed to do so, in no way precludes the Court from deciding now, as a matter of law, whether latent defect law applies to Plaintiffs' claims for purposes of the evidence to be submitted at trial.

[3] The Court acknowledges that in Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (Doc. # 119), Plaintiffs cite *Broomfield Senior Living Owner, LLC v. R.G.*

holds that, in a latent defect nondisclosure case, whether a duty to disclose exists is a question of law. *Burman v. Richmond Homes Ltd.*, 821 P.2d 913, 918 (Colo. App. 1991).

The Court disagrees with Plaintiffs' argument that this first motion *in limine* is simply an improper rehash of Defendant's Motion for Summary Judgment. In their Motion for Summary Judgment, Defendants argued that Plaintiffs could not prove the reasonable reliance element of their fraud claim. (Doc. # 131 at 10–12.) The Court denied the Motion for Summary Judgment because it determined that there were disputed issues of fact related to reasonable reliance and Colorado law clearly established that "[w]hether [a buyer] justifiably relied on [an] alleged misrepresentation [is] a question of fact" to be determined by the factfinder unless reasonable minds could not differ. (*Id.* at 11) (quoting *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 251 P.3d 1109, 1116–17 (Colo. App. 2010)).) The instant motion *in limine* addresses a different component of a different element of Plaintiffs' fraudulent nondisclosure claim—

---

*Brinkmann Co.* for the proposition that whether a defect is patent or latent is a question of fact for the jury. 413 P.3d 219, 228, 2017 COA 31, ¶¶ 41–43. However, the *Broomfield* decision does not control the legal question of whether Defendants had a duty to disclose the basement permit status to Plaintiffs. The *Broomfield* court reviewed whether a contract's accrual language or the accrual language set forth in Construction Defect Action Reform Act ("CDARA") applied to buyers' construction defect claims concerning soil expansion defects and damaged sewer lines. *Id.* at ¶¶ 1–9. In determining that the CDARA statutory accrual provisions applied, the court recognized that the buyers' claim would have accrued from the date that the buyers discovered the soil expansion defect. *Id.* at ¶ 41. Because accrual is typically a question of fact, and whether the soil expansion and damaged sewer lines were latent or patent affected when the buyers' claim accrued, the court determined that whether construction defects were latent or patent were questions of fact reserved to the factfinder. *Id.* at ¶¶ 41–43. The *Broomfield* decision neither concerned a common law fraudulent nondisclosure of a latent defect claim nor whether sellers had a duty to disclose a latent defect to buyers. Therefore, Plaintiffs' reliance on *Broomfield* is misplaced.

5

whether the failure to obtain a permit constituted a latent defect which Defendants had a duty to disclose.

Defendants seek a ruling on a question of law that will impact the admissibility and relevance of evidence at trial. Specifically, Defendants argue that, as a matter of Colorado law, Defendants had no duty to disclose that the basement was not permitted to Plaintiffs because the permit status of the basement was not a latent defect. (Doc. # 136 at 1–6.) Should the Court determine that no such duty to disclose exists with respect to the basement permit status, Plaintiffs' fraudulent nondisclosure claims cannot be predicated upon the disclosure of the basement status, and as a result, evidence pertinent to basement permit status would not be relevant to the Plaintiffs' nondisclosure claims. As such, pretrial resolution of the motion will benefit judicial economy at trial and for the parties in preparing for trial. Therefore, Defendants' first motion *in limine* is properly before the Court.

      2.    <u>Whether Basement Permit Status is a Latent Defect</u>

Where, as here, federal jurisdiction is predicated upon diversity, the court applies the substantive law of the forum state. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994). As such, Colorado law applies. To prove Plaintiffs' fraud claim based on nondisclosure, they must prove by a preponderance of the evidence that (1) Defendants failed to disclose a past or present fact which they had a duty to disclose; (2) the fact was material; (3) Defendants failed to disclose the fact with the intent of creating a false impression of the actual facts in the mind of Plaintiffs; (4) Defendants failed to disclose the fact with the intent that Plaintiffs take a course of action they might not take if they

knew the actual facts; (5) Plaintiffs took such action or decided not to act relying on the assumption that the undisclosed fact did not exist or was different from what it actually was; (6) Plaintiffs' reliance was justified; and (7) reliance caused damages to Plaintiffs. Colo. Jury Instr., § 19:2; *Burman v. Richmond Homes Ltd.*, 821 P.2d 913, 918 (Colo. App. 1991). Plaintiffs' claim for fraudulent nondisclosure requires them to show that Defendants had a duty to disclose the material information. *Rocky Mountain Exploration, Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 234, 2018 CO 54, ¶ 56. "Whether a defendant has a duty to disclose a particular fact is a question of law." *Burman*, 821 P.2d at 918.

With respect to real estate transactions, Colorado law provides that sellers have a duty to disclose latent defects involving physical defects to the property. *Cohen v. Vivian*, 349 P.2d 366, 367–78 (Colo. 1960) (holding that seller's failure to disclose latent soil defect known to seller and unknown to buyer resulted in liability for fraud). "[I]n the context of the purchase of a used home, the owner must demonstrate that the defect is latent or hidden, and must show that the defect was caused by the builder." *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041, 1045 (Colo. 1983). Indeed, "[t]he reason for allowing recovery only for latent or hidden defects, which have been defined as those manifesting themselves after purchase and which are not discoverable through reasonable inspection, is to prevent an action where mere deterioration or loss of a bargain is claimed." *Id.* (internal citations and quotations omitted). "[A] buyer cannot be expected to discover structural defects which remain latent at the time of purchase." *Id.*

at 1046. That an inspection does not reveal a latent defect "does not render inapplicable the rule requiring disclosure of a latent defect." *Cohen*, 349 P.2d at 368.

In all Colorado cases in which courts held that sellers had a duty to disclose a latent defect to the buyers, the latent defects concerned "physical" or "structural" conditions of the property. *Cohen*, 349 P.2d at 447 (soil defect known to seller and unknown to buyer constituted latent defect that should have been disclosed); *Schnell v. Gustofson*, 638 P.2d 850, 851–52 (Colo. App. 1981) (uranium mine tailings underneath home known to sellers and unknown to buyers constituted latent defect that should have been disclosed); *In re Estate of Gattis*, 318 P.3d 549, 552, 2013 COA 145, ¶¶ 3–9, 14–17, 31–32 (recognizing that expansive soils causing structural damage to property known to sellers and unknown to buyer constituted latent defect that should have been disclosed); *see also Haney v. Castle Meadows, Inc.*, 839 F. Supp. 753, 756–57 (D. Colo. 1993) (applying Colorado law and holding that radioactive well and floodplain constituted latent defects that should have been disclosed).

However, when the alleged latent defect does not involve "a physical defect on the property" and the seller had actual, inquiry, or constructive notice of the alleged latent defect, Colorado courts have determined that the buyer has no duty to disclose such a fact to the seller. *Burman*, 821 P.2d at 918–19 (that property was in special improvement district did not constitute latent defect because the location did not involve physical defect on the property and buyer had notice that taxes or special assessments on property could occur if property was located in special improvement district).

8

In the instant case, Plaintiffs allege that Defendants' "construction of additions and alterations to the basement without a building permit" was a "latent defect" that Defendants "were obligated to disclose before closing on the sale[.]" (Doc. # 66 at ¶ 22.) The Court disagrees. Defendants did not have a duty to disclose the basement permit status to Plaintiffs because that status does not constitute a latent defect, as that term has been defined under Colorado law.

First, failing to obtain a permit for the basement that they finished does not constitute a "physical defect on the property." *Burman*, 821 P.2d at 918. Whether a building permit was obtained for the basement is not a physical or structural component of the property that is hidden or latent. Nor does permit status reflect defects like expansive soil, flood plains, foundation shifting, or uranium tailings buried underneath property—all of which have been recognized as latent defects under Colorado law.

Furthermore, Colorado law emanates an understanding that latent defects that should be disclosed are hidden and physical defects that "manifest[] themselves after purchase" and cannot be discovered "through reasonable inspections." *Cosmopolitan Homes, Inc.*, 663 P.2d at 1045–45 (quoting Zipzer, Dean J., *Builders' Liability for Latent Defects in Used Homes*, 32 Stan. L. Rev. 607, 623 (1980)); *Burman*, 821 P.2d at 918; *Cohen*, 349 P.2d at 368; *In re Gattis*, 2013 COA 145, ¶¶ 18, 28, 31–32; *Haney*, 839 F. Supp. at 756–57 (explaining that there is a duty to disclose a condition when it is a latent one involving a physical defect). Indeed, a latent defect is hidden and often cannot be discovered through an inspection. *Cohen*, 349 P.2d at 368. Setting aside the fact that basement permit status does not involve the physical condition of the property,

9

the permit status was also not latent or hidden because it was publicly available within Douglas County records. In fact, the basement's finished square footage was recorded with the Douglas County Assessor's Office, and the basement permit status was readily available in the property's permit records filed with the Douglas County Engineer's Office. (*Id.* at 5; Doc. # 108 at 4, ¶ 16.) Accordingly, the property's basement status does not constitute a latent defect that Defendants had a duty to disclose to Plaintiffs.

Therefore, Defendants' Motion *in Limine* No. 1 is GRANTED, and any evidence related to basement permit status is irrelevant to Plaintiffs' fraud-based claims and is excluded from trial.[4]

## B. DEFENDANTS' MOTION *IN LIMINE* NO. 2

In their second motion *in limine*, Defendants seek to exclude Plaintiffs' expert Alan Stein's anticipated testimony providing "it is not reasonable to expect a buyer, even if they had seen and read the parcel search to have noticed, or been concerned about, the 'Finished Bsmt. Sq. Ft.: 0' notation in the document." (Doc. # 136 at 6–7.) Although the basis of Defendants' argument is rooted in whether Mr. Stein's opinion was improper because it constituted a "new" opinion that was belatedly disclosed in contravention of Rule 26(a)(2) and (e) (*id.* at 7–12), given the Court's ruling on

---

[4] The Court declines Plaintiffs' invitation to deconstruct their "responses submitted in opposition to" Defendants' three motions to dismiss and motion for summary judgment to address Defendants' first motion *in limine*. (Doc. # 142 at 3.) For the above-stated reasons, the Court disagrees that Defendants raised the "same" question of law in any of their previous dispositive motions. Nor has this Court previously ruled on the merits of the question of law now before it. The Court will not sift through Plaintiffs' responses to non-applicable arguments and pick and choose which responses might be applicable to the question of law presented in Defendants' first motion *in limine*. That Plaintiffs placed their eggs in a different basket rather than have directly responded to Defendants' first motion *in limine* is not the Court's problem.

Defendants' first motion *in limine*, evidence related to basement permit status is irrelevant to Plaintiffs' fraud-based claims. As such, Mr. Stein's opinion at issue in Defendants' second motion *in limine* is also not relevant.

Accordingly, Defendants' Motion *in Limine* No. 2 is GRANTED, and Plaintiffs' expert Mr. Stein is precluded from opining on basement permit status.

**C.     DEFENDANTS' MOTION *IN LIMINE* NO. 3**

In Defendants' third motion *in limine*, Defendants argue that the Court should exclude any evidence "as to why Defendants did not obtain a permit when finishing their basement in 2007 or 2008 and any evidence regarding whether the Defendants discussed whether they should obtain a permit in the basement." (Doc. # 136 at 12–13.) Defendants contend that "[a]ny evidence or testimony regarding why Defendants chose not to get a permit or whether they discussed getting a permit is completely irrelevant to this litigation." (*Id.* at 13.) Given the aforementioned ruling on Defendants' first motion *in limine*, the Court agrees. Because Defendants did not have a duty to disclose the basement permit status as a latent defect to Defendants, evidence as to why Defendants did not obtain a permit or whether Defendants discussed obtaining a permit for the basement is irrelevant to Plaintiffs' fraud claim based on nondisclosure of the basement permit status.[5]

---

[5] Plaintiffs assert that, to support their fraudulent nondisclosure claim, Plaintiffs must prove that Defendants "intentionally failed to disclose (or intentionally concealed the fact that they had finished their basement without the requisite permit." (Doc. # 142 at 8.) Thus, Plaintiffs aver that evidence related to Defendants' intentional decision to not obtain a permit for the basement is circumstantial evidence supporting that Defendants were more likely than not to "intentionally fail[] to disclose (or intentionally conceal[]) the fact that they had finished their basement without the requisite permit." (*Id.*) However, because the Court has concluded that Defendants had no duty to disclose the basement permit status as a latent defect, Plaintiffs no longer need to prove

11

Accordingly, Defendants' Motion *in Limine* No. 3 is GRANTED, and evidence relating to why Defendants did not obtain a permit when finishing their basement in 2007 or 2008 and whether the Defendants discussed whether they should obtain a permit in the basement is precluded from trial.

### III. CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' Motion *in Limine* (Doc. # 136) is GRANTED. It is

FURTHER ORDERED that, with respect to Defendants' Motion *in Limine* No. 1, evidence relating to basement permit status shall be EXCLUDED from trial. It is

FURTHER ORDERED that, with respect to Defendants' Motion *in Limine* No. 2, Mr. Stein's opinions regarding basement permit status and, in particular, that "it is not reasonable to expect a buyer, even if they had seen and read the parcel search to have noticed, or been concerned about, the 'Finished Bsmt. Sq. Ft.: 0' notation in the document" shall be EXCLUDED from trial. It is

FURTHER ORDERED that, with respect to Defendants' Motion *in Limine* No. 3, any and all evidence relating to why Defendants did not obtain a permit when finishing their basement in 2007 or 2008 and whether the Defendants discussed whether they should obtain a permit in the basement shall be EXCLUDED from trial.

DATED: October 11, 2019       BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

---

that Defendants "<u>intentionally</u> failed to disclose (or intentionally concealed the fact that they had finished their basement without the requisite permit." (*Id.* (emphasis in original).) Therefore, Plaintiffs' arguments address a moot point.